UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

M E M O R A N D U M

Honorable Kimberly J. Mueller
United States District Judge
Sacramento, California

                                          RE:  Del Edmund SIMON
                                               Docket Number:  0972 2:16CR00085-001
                                               <u>**REQUEST FOR MODIFICATION**</u>
                                               <u>**HEARING**</u>

Your Honor:

It is requested the above-noted matter be placed on the Court's calendar to facilitate Your Honor's review and consideration of the recommended modifications to the offender's terms and conditions of supervised release.  Specifically, the undersigned is recommending the Court modify the offender's special conditions to include location monitoring (12 months) and updated sex offender conditions.  Mr. Simon has declined to sign the Waiver of Hearing and has requested a formal Court appearance.

**Date of Original Sentence:**  05/22/2009

**Original Offense:** 18 U.S.C. § 2252(a)(4)(B) – Possession of Child Pornography (**CLASS C FELONY**)

**Original Sentence:** ND/CA:  60 months custody of the Bureau of Prisons; 10 years supervised release; $100 special assessment; $15,000 fine; Mandatory drug testing.

**Special Conditions:**  Financial restrictions/disclosure; Not possess a firearm; DNA collection; Submit to search; Register pursuant to 290 PC as required; Participate in Sex Offender treatment; Aftercare co-payments; Not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing "sexually explicit conduct," as defined in 18 USC 2256(2) and 2256(8); Not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18; Not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except:  (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense/prior offense; Not affiliate with, own, volunteer and/or be employed in any capacity by a business that causes regular contact with persons under the age of 18; Computer and computer-related devices restrictions; $15,000 fine due immediately.

RE: Defendant: SIMON, Edmund
Docket Number: 0972 2:16CR00085-001
**REQUEST FOR MODIFICATION HEARING**

**Type of Supervision:** Supervised release

**Date Supervision Commenced:** 04/19/2013

**Other Court Actions:**

**04/19/2016:** Transfer of jurisdiction accepted from the Northern District of California.

## PETITIONING THE COURT

☒ **OTHER: MATTER IS ORDERED PLACED ON CALENDAR FOR NOVEMBER 9, 2016, AT 9:00 AM.**

**Justification:** On April 19, 2013, Mr. Simon began his ten-year term of supervised release within the Northern District of California.

While residing in the Northern District of California, Mr. Simon allegedly violated the terms and conditions of his release by being in possession of a flash drive, and during a subsequent occasion, having traveled outside of the district without the prior authorization of the probation officer. It should be noted, Mr. Simon was previously authorized, and continues to possess and use, a computer with Internet access. Mr. Simon's computer-related activities continue to be monitored through a contracted computer monitoring service and the supervising United States Probation Officer. Aside from a verbal reprimand, no further action was taken as a result of the offender's noncompliance with the terms and conditions of his supervised release. Prior to commencing supervision in the Eastern District of California, Mr. Simon did successfully participate in and ultimately completed a sex offender treatment program on September 30, 2015.

On September 30, 2015, Mr. Simon purchased a residence located in Manteca, California, and relocated to the Eastern District of California. On October 21, 2015, during an initial unannounced home visit, Mr. Simon was found to be in possession of two Playboy Magazines. Mr. Simon stated the magazine subscription was addressed to the previous owner of the residence. Mr. Simon admitted that he removed the shipping cover off one of the magazines and perused its contents.

RE:    DeEdmund SIMON
       Docket Number:   0972 2:16CR00085-001
       <u>REQUEST FOR MODIFICATION HEARING</u>

It was ultimately determined by the United States Probation Office located in Oakland, California, that Mr. Simon's possession of Playboy Magazines did not rise to the level necessary to facilitate Court intervention.

On November 19, 2015, Mr. Simon's case was accepted by the Eastern District of California and assigned to the undersigned officer.

During the period of March 14 through 20, 2016, Mr. Simon - for a period of 16 seconds - was inadvertently redirected to a pornography site called 'chaturbate.com.' Although it has been determined Mr. Simon did not intentionally access this website, it has not been determined which site he was accessing that inadvertently redirected Mr. Simon to this site. During this same time period, records reflect Mr. Simon also queried site(s) for Caswell State Park, located in Ripon, California.

On May 1, 2016, Mr. Simon was instructed to begin participating in the Counseling and Psychotherapy Center located in Modesto, California; specifically, group sex offender counseling at the rate of once a week and individual sex offender counseling at the rate of once a month.

On June 7, 2016, Mr. Simon participated in a Sexual History I Polygraph Examination. Prior to the polygraph examination, Mr. Simon completed a 'Sexual History Disclosure Questionnaire;' wherein he described his sexual preference as being female in the age range of ten to thirteen years of age. Noted in the document, Mr. Simon described having experienced fantasies where he locates an abandoned child (age of ten to thirteen years of age) while walking. "I take her home, feed her and wash her in the bathtub where I manually stimulate her. She gives me a blowjob and then we go to bed and have sex."

On July 15, 2016, during an office appointment with the undersigned, Mr. Simon initially stated he only experienced the above-noted fantasy while walking the hills and trails located in Oakland, California. However, during the same interview, Mr. Simon subsequently acknowledged – on two occasions – while walking "along the trails near the river" in West Ripon, he again fantasized about meeting a young "dirty girl."

On October 5 and 14, 2016, the undersigned officer reviewed with Mr. Simon the Waiver of Hearing form, to modify his special conditions of supervised release. The modification and replacement of the terms and conditions of his supervision were intended to be uniformed with the terms and conditions typically imposed on similar cases sentenced within the Eastern District of California, while also recommending location monitoring. Mr. Simon's participation in a period of location monitoring is not

RE:     Defendant: SIMON
        Docket Number:   0972 2:16CR00085-001
        <u>REQUEST FOR MODIFICATION HEARING</u>

intended to be a sanction and/or punishment; but rather, a manner in which his daily activities can be monitored to ensure his compliance with the terms and conditions of supervised release. It is also anticipated Mr. Simon will be required to undergo a maintenance polygraph examination during June 2017, at which time his continued participation in location monitoring will be reevaluated.

The recommended conditions are as follows:

1. As directed by the probation officer, the defendant shall be monitored for a period of 12 months, with location monitoring technology, which may include the use of radio frequency (RF) or Global Positioning System (GPS) devices, at the discretion of the probation officer. The defendant shall abide by all technology requirements and shall pay the costs of location monitoring based upon their ability to pay as directed by the probation officer. In addition to other court-imposed conditions of release, the defendant's movement in the community shall be restricted as follows:

    a. The defendant shall be monitored with location monitoring technology at the discretion of the probation officer, which shall be utilized for the purposes of verifying compliance with any court-imposed conditions of supervision.

2. The defendant shall submit to the search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer in the lawful discharge of the officer's supervision functions with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. The defendant shall not possess or use a computer or any device that has access to any "on-line computer service" unless approved by the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

4. The defendant shall use only those computers and computer-related devices, screen user names, passwords, email accounts, and Internet service providers (ISPs), as approved by the probation officer. Computers and computer related devices include, but are not limited to, personal computers, personal data assistants (PDAs), Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers, or similar media.

5. The defendant shall have no contact with known children under the age of 18, unless approved by the probation officer in advance. The defendant is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the defendant is not to engage in any occupation, either

4

   paid or volunteer, that causes him/her to regularly contact known persons under the age of 18.

6. The defendant shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the defendant.  The defendant consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The defendant consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection; and analysis.

7. The defendant consents to having installed on any computer, computer-related device, and equipment, at the defendant's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities.  The defendant consents to not installing new hardware without the prior approval of the probation officer.

8. The defendant shall not possess, own, use, view, or read any material depicting and/or describing sexually explicit conduct involving children, including computer images, pictures, photographs, books, writings, drawings, videos, or video games.  "Sexually explicit conduct" as defined in 18 U.S.C. § 2256(2) or 18 U.S.C. § 2256(8) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

9. In addition, the defendant shall not possess, own, use, view, or read any material depicting and/or describing sexually explicit conduct involving adults, defined as sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by the defendant's probation officer, including computer images, pictures, photographs, books, writings, drawings, videos, or video games depicting such conduct.  Furthermore, the defendant shall not frequent any place whose primary purpose is to sell, rent, show, display, or give other forms of access to, material depicting and/or describing sexually explicit conduct.

10. The defendant shall provide all requested business/personal phone records to the probation officer.  The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers.  The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider.

11. The defendant shall consent to third-party disclosure to any employer or potential employer,

concerning any computer-related restrictions that are imposed upon him/her. This includes any activities in which you are acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

12. The defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program [which may include, but is not limited to, risk assessment, polygraph examination, and/or Visual Reaction Treatment] as approved and directed by the probation officer and as recommended by the assigned treatment provider.

13. The defendant shall register, as required in the jurisdiction in which he resides, as a sex offender. The defendant shall provide proof of registration to the probation officer within 5 days of release from imprisonment/placement on supervised release.

14. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

**Recommendation:** Mr. Simon has indicated he is unwilling to agree to the above-noted changes to the terms and conditions of his supervised release without Your Honor's review. Mr. Simon has requested the matter be placed on calendar for the Court's review and consideration.

For the reasons previously noted, it is recommended this matter be placed on calendar and Mr. Simon be ordered to appear in Court on November 9, 2016, at 9:00 a.m., for the review and consideration of the imposition of the aforementioned conditions of supervised release. Further, the probation officer is hereby directed to notify the offender and defense counsel of said hearing.

RE:     **DeEdmundoSIMON**
       **Docket Number:   0972 2:16CR00085-001**
       <u>**REQUEST FOR MODIFICATION HEARING**</u>

Respectfully submitted,

*/s/ Phil R. Hendley, Jr.*

Phil R. Hendley, Jr.
Senior United States Probation Officer

Dated:    October 27, 2016
         Modesto, California
         PRH:lr

                           */s/ Lonnie Stockton*
**REVIEWED BY:**     **Lonnie Stockton**
                           **Supervisory United States Probation Officer**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒   The above-noted matter be placed on calendar for review and consideration on November 9, 2016, at 9:00 a.m. and the probation officer to notify the offender and counsel of the court date.

☐   Other:

**Date:** October 31, 2016                           UNITED STATES DISTRICT JUDGE

cc:    To be assigned
      Assistant United States Attorney

      To be assigned
      Defense Counsel